Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Derek Li, CA SBN 150122
derek.li@eeoc.gov
Natalie Nardecchia, CA SBN 246486
natalie.nardecchia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301

Attorneys for Plaintiff, EEOC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>   vs.<br><br>FOCUS PLUMBING, LLC, FOCUS ELECTRIC, LLC, FOCUS CONCRETE, LLC, FOCUS FIRE PROTECTION, LLC, and FOCUS FRAMING, DOOR, & TRIM, LLC, collectively dba FOCUS COMPANIES GROUP OF NEVADA, and DOES 1- 10, inclusive,<br>        Defendants. | Case No.: 2:21-cv-01758-GMN-EJY<br><br><br>**PLAINTIFF EEOC'S NOTICE OF CORRECTED DOCUMENT RE [38] [PROPOSED] CONSENT DECREE** |

**TO THE HONORABLE DISTRICT COURT JUDGE, MAGISTRATE JUDGE,**

**DEFENDANTS, AND ALL ATTORNEYS OF RECORD:**

       Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") hereby files a corrected [Proposed] Consent Decree that includes all dates on the signature page.

Dated:  October 12, 2022            Respectfully Submitted,

                                  U.S. EQUAL EMPLOYMENT
                                  OPPORTUNITY COMMISSION

                    By:      */s/ Natalie Nardecchia*
                               Natalie Nardecchia
                               Trial Attorney

Anna Y. Park, CA SBN 164242
Derek Li, CA SBN 150122
Natalie Nardecchia, CA SBN 246486
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>FOCUS PLUMBING, LLC, FOCUS ELECTRIC, LLC, FOCUS CONCRETE, LLC, FOCUS FIRE PROTECTION, LLC, and FOCUS FRAMING, DOOR, & TRIM, LLC, collectively dba FOCUS COMPANIES GROUP OF NEVADA,<br>        Defendants. | Case No.: 2:21-cv-01758-GMN-EJY<br><br><br><br>**[PROPOSED] CONSENT DECREE** |

## I.   INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendants FOCUS PLUMBING, LLC, FOCUS ELECTRIC, LLC, FOCUS CONCRETE, LLC, FOCUS FIRE PROTECTION, LLC, and FOCUS FRAMING, DOOR, & TRIM, LLC (hereinafter "Defendants") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  The EEOC alleges Defendants engaged in unlawful employment practices by subjecting Charging Parties and a class of similarly aggrieved individuals (collectively "Claimants") to sexual harassment, including a hostile work environment, because of their sex (female).[1]  The action further alleges that Defendants violated Title VII by unlawfully subjecting Claimants to constructive discharge and retaliation.  Defendants deny the EEOC's allegations entirely.

## II.   PURPOSES AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Commission and Defendants (hereinafter "the Parties") have agreed that this action should be finally settled by entry of this Consent Decree ("Decree").  This Decree shall be binding on and enforceable against Defendants and its officers, directors, agents, successors and assigns.  The scope of this Decree is company-wide unless otherwise noted.  The Parties have entered into this Decree for the following purposes:

A.   To provide appropriate monetary and injunctive relief;

B.   To ensure that Defendants' employment practices comply with Title VII;

C.   To ensure a work environment free from sex harassment and retaliation;

---

[1] Throughout this Consent Deecree, **"Claimants"** shall refer to Charging Parties that were allegedly subjected to a hostile work environment on the basis of sex (female) and/or retaliation by Defendants from October 1, 2017 to present.  **"Identified Claimants"** shall refer to the two indidivuals in addition to Claimants already identified by and disclosed to Defendants by the EEOC as additional claimants.  **"Potential Claimants"** shall refer to female employees from October 2017 to present of Focus Plumbing, LLC who the EEOC has not yet identified, but who may be entitled to relief in this action as claimants. **"Eligible Claimants"** are Claimants, Identified Claimants and Potential Claimants whom the EEOC at its sole discretion has determined were eligible for relief due to being subjected to a hostile work environment by Defendants on the basis of sex or protected activity from October 2017 to present.

D.     To ensure training for Defendants' managers, supervisors, foremen, leads, human resource and other employees with respect to their obligations and rights under Title VII;

E.     To review and update Defendants' procedures for handling harassment and retaliation complaints;

F.     To provide an appropriate and effective mechanism for receiving and handling discrimination, harassment and retaliation complaints in the workplace; and

G.     To avoid the time, expense, and uncertainty of further litigation.

## III.   RELEASE OF CLAIMS

A.     The Parties agree that this Decree completely and finally resolves all claims made in the EEOC's Complaint filed in this action in the United States District Court, District of Nevada on September 23, 2021, captioned *U.S. Equal Employment Opportunity Commission vs. FOCUS PLUMBING, LLC, FOCUS, ELECTRIC, LLC, FOCUS, CONCRETE, LLC, FOCUS FIRE PROTECTION, LLC, and FOCUS FRAMING, DOOR, & TRIM, LLC, collectively dba FOCUS COMPANIES GROUP OF NEVADA, and DOES 1-10, inclusive*; Case No. Case 2:21-cv-01758 (hereafter "Action").

B.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants fail to comply with the terms set forth in this Decree.

C.     Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later be filed against Defendants in accordance with standard EEOC procedures. This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

## IV.   JURISDICTION

A.     The Court has jurisdiction over the parties and the subject matter of this Action.

The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.     The terms and provisions of this Decree are fair, reasonable and just.

C.     This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.     The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## V.     EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately on the date which this Decree is entered by the Court ("Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for two and a half (2.5) years after the Effective Date, provided that Defendants substantially comply with the terms of this Decree.  In the event that Defendants do not substantially comply with the terms of this Decree (and this includes where the EEOC determines noncompliance and the parties have met and conferred and presented the issue to the Court), the Court may order what relief it deems necessary to ensure compliance including an extension of the Decree.

## VI.    COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the provisions that the EEOC believes the Defendants have breached. The Defendants shall have ten (10) business days to attempt to resolve or cure the breach. However, the Parties may agree to extend this period upon mutual consent.

B.     After thirty (30) days, inclusive of the ten (10) business days to resolve or cure the breach referenced in Section VI.A, have passed with no resolution or agreement to extend time

further, the EEOC may petition this Court for resolution of the dispute. The EEOC may seek all available relief, including an extension of the term of the Decree, and/or any other relief that the Court may deem appropriate.

C.     In the event of exigent circumstances or Defendants' failure to pay monies set forth in Section VIII, below, the EEOC may petition the Court for resolution of the dispute by providing five (5) business days' notice to resolve or cure this breach and without adhering to provisions described in Section VI.B.

## VII.  MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree. Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

## VIII. MONETARY RELIEF

A.     In settlement of this lawsuit, Defendant Focus Plumbing, LLC  shall pay a total of $500,000.00 ("Total Settlement Amount")  in monetary relief.  Designation, characterization, and/or allocation of the monetary relief to the Eligible Claimants shall be at the sole discretion of the EEOC.

B.     The Settlement Amount shall be distributed, at the sole discretion of the EEOC, amongst the Eligible Claimants to this Action.  For the first distribution, the EEOC shall provide Defendants with a distribution list identifying each Eligible Claimant's portion and amount of monetary relief, and the name and address to which each Eligible Claimants' portion and amount

of monetary relief shall be delivered.  Defendants shall send a check via overnight mail with tracking, to each Eligible Claimant in the amount specified within five (5) business days of receipt of the distribution list(s), executed IRS Form W-9s, and executed releases which is attached as Exhibit A from each Eligible Claimant.  In addition, Defendants, as appropriate, shall prepare and distribute an IRS form 1099 or equivalent tax reporting forms to the Eligible Claimants identified by the EEOC for all monies, if any, paid to them as compensatory damages. No tax withholdings shall be made.  Defendants shall make all appropriate reports to the Internal Revenue Service and other tax authorities.

C.     Within three (3) business days of the issuance of each settlement check, Defendants shall submit a copy of the check and any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012, and anna.park@eeoc.gov.

D.     Part of the Total Settlement Amount shall be designated as a "Class Fund" for the Potential Claimants.  EEOC shall retain sole discretion to determine distribution of monies from the Class Fund to Eligible Claimants.

E.     Claims Process

1.     Within thirty (30) days of the Effective Date, Defendants shall hire and appoint a specific professional individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the payment of the Class Fund for Potential Claimants as designated by the EEOC pursuant to this Decree.  The Claims Administrator may be an EEO monitor with the capability of handling a claims process subject to the EEOC's approval, which will not be unreasonably withheld. The Claims Administrator must provide a claims process that includes the ability to provide and receive notices, Claims Forms in English and Spanish on-line and via mail, and must be able to communicate in Spanish. If the Claims Administrator initially appointed by Defendants thereafter declines to serve or to carry out its duties under this Decree, Defendants shall have

three (3) business days to notify the EEOC in writing of the need for a replacement Claims Administrator and the EEOC shall provide Defendants with three (3) new Claims Administrators from which Defendants shall select a replacement or Defendants may present an alternative Claims Administrator to the EEOC for approval, which shall not be unreasonably withheld.

2.   Defendants shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

F.   Claims Notice Process

1.   Within sixty (60) days of the Effective Date, Defendants shall provide to the Claims Administrator a list of all female employees employed from October 2017 to the present (but excluding the Claimants, *i.e.* the two Charging Parties and the two Identified Claimants, all four of whom are already deemed Eligible Claimants to receive monetary payment).  The list provided by Defendants shall include the employee's and/or former employee's last known address(es), phone number(s), social security number, date of birth, and/or any other personally identifying information to assist in identifying all Potential Claimants.

2.   Within ninety (90) days of the Effective Date, the Claims Administrator shall, for any employee and/or former employee identified in Paragraph F.1, provide notice as follows:

1.   send the Claims Form and Notice Letter provided by the EEOC via email (if known) and certified, first class mail: (1) notifying the Potential Claimant of his or her ability to file a claim for monetary relief; (2) providing the Potential Claimant with instructions on how to file a questionaire on-line or via mail with the Claims

Administrator; (3) providing the Potential Claimant with the opportunity to seek assistance in completing the on-line Claims Form by contacting the Claims Administrator; (4) enclosing a Claims Form; and (5) providing contact information for the EEOC. All this correspondence shall be provided in Spanish and English.

2.    Defendants or their Claims Administrator shall provide to the EEOC certification that the Claims Administrator mailed the EEOC's Claims Form and Notice Letter to each such Potential Claimant.

3.    Should any letters be returned undeliverable or show as undelivered in the postal service's records that are accessible to the Claims Administrator, within twenty (20) days of any Claims Form and/or Notice Letter being returned to sender as undeliverable, the Claims Administrator shall:

a.    research such Potential Claimant's most-recent address and further use best efforts, including searches in databases such as Accurint, to locate such employee;

b.    if the Claims Administrator finds a more recent address for any such employee, resend the Claims Form and Notice Letter to the new address; and/or

c.    if the Claims Administrator fails to find a more recent address for any such employee, the Claims Administrator shall, within thirty (30) days following the re-mailing of the Claims Form and Notice Letter, provide to the EEOC information outlining efforts to locate such employee(s).

G.    Claims Distribution Process

a.    At thirty (30) day intervals after mailing the first group of Claims Forms and Notice Letters, the Claims Administrator shall forward to the EEOC

8

any submitted claim forms received from any Potential Claimant.  The Claims Administrator shall provide Defendants and the EEOC electronic access to the Claims Forms filed.  Defendants shall ensure that the Claims Administrator has access to the EEOC and that the Claims Administrator works with the EEOC to identify qualifying eligible claimants in accordance with the EEOC's criteria.  The EEOC shall have the sole discretion to determine who is an Eligible Claimant.

b.  The EEOC shall have the sole discretion to designate the amount of the Class Fund to be distributed to each Eligible Claimant.  The EEOC shall issue a Distribution List(s) to the Claims Administrator and Defendants. Within ten (10) days of receipt of the EEOC's Distribution List, Defendants shall send via overnight mail with tracking the full amounts set forth in the Distribution List(s).  Each check will remain valid for 180 days. To the extent, the checks need to be reissued, EEOC will notify the Claims Administrator and Defendants.  At least every thirty (30) days after Defendants issue checks pursuant to the Distribution List(s) in the Claims Process, Defendants shall provide the EEOC with a copy of each canceled check not previously provided to the EEOC, and identify any check not negotiated and/or returned non-negotiated to Defendants, to enable the parties to track remaining funds for redistribution.

c.  The EEOC may subsequently issue additional Distribution List(s), as necessitated by further notice from Defendants or their Claims Administrator that any check issued to an Eligible Claimant was not negotiated within 180 days after issuance and/or was returned non-negotiated.

d.  On a quarterly basis throughout the duration of this Decree, Defendants shall notify the EEOC of the amount of funds remaining in term of this Decree. The EEOC may subsequently issue additional Distribution List(s).

e.      The EEOC shall designate a "Final Distribution List" which shall include, in addition to any additional Eligible Claimants to be paid, any additional amounts to be remitted to Eligible Claimants.

No further Distribution List shall be issued by the EEOC after the Final Distribution List is provided to the Claims Administrator and Defendants.

f.      Within sixty (60) days of receipt of the EEOC's Final Distribution List, Defendants shall forward via overnight mail to each eligible individual payment for a gross amount equal to the full amount set forth in the Final Distribution List.  Within three (3) business days of mailing the afore-mentioned payments, Defendants shall submit a copy of the checks and any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012, anna.park@eeoc.gov.

g.      Within sixty days (60) after issuance of payments according to the Final Distribution List, the EEOC has discretion to reallocate any remaining monies in the Class Fund as it deems fit.

H.      The EEOC has full and complete discretion under the terms of this Decree to determine the amount and characterization of any payment, if any, to the Eligible Claimants. However, all such payments shall be characterized as non-wage payments for a which an IRS Form 1099 will be issued.

## IX.   CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within thirty (30) days of the Effective Date of this Decree, Defendants shall:

A.      Remove from the personnel files of each Eligible Claimant any references to terminations or adverse actions relating to the charges of discrimination, and keep separate from the personnel file any allegations of sexual harassment or retaliation. Defendants must retain a record of any such information removed from a personnel file pursuant to this subsection consistent with the recordkeeping provisions contained in Section XI or otherwise required by law;

B.     In response to requests for employment references regarding Eligible Claimants that are directed to Human Resources at (702)724-7869 provide neutral references limited to verifying whether the Eligible Claimant was employed by Defendant, the last position in which the Eligible Claimant was employed, and the duration of employment with Defendant;

C.     To the extent that an Eligible Claimant continues to work for Defendant, ensure that the Eligible Claimant does not suffer discrimination, harassment, or retaliation; and

D.     Ensure that the Eligible Claimants, including former employees, are not prohibited from re-employment with Defendant.

## X.     GENERAL INJUNCTIVE RELIEF

A.     <u>Non-Discrimination and Non-Retaliation</u>

1.     *Non-Discrimination*

Defendants, their directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in employment practices in violation of Title VII. Such employment practices include:

(a)     discriminating against persons in violation of Title VII, including sexual harassment;

(b)     engaging in or becoming a party to any action, policy or practice that discriminates against any person in violation of Title VII, including sexual harassment; or

(c)     creating, facilitating, or permitting a hostile work environment in violation of Title VII, including on the basis of sex.

2.     *Non-Retaliation*

Defendants, their directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy or practice that retaliates against any current or former employee or applicant because he or she has:

(1)     opposed any practice that he or she believed to be discriminatory, harassing or retaliatory;

(2)     filed a charge with the EEOC alleging such a practice;

(3)     testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation;

(4)     was identified as a possible witness or claimant in this Action;

(5)     asserted any rights under this Decree; or

(6)     sought and/or received any relief in accordance with this Decree.

B.     Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendants shall post the notice (attached as "Exhibit B") of the terms of this Decree in clearly visible locations frequented by its employees at all worksites.  The postings shall remain posted for the duration of this Decree.

C.     Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendants shall propose an external Equal Employment Opportunity Monitor ("Monitor") of its choosing for approval by the EEOC, which will not be unreasonably withheld.  The Monitor shall have demonstrated experience in the area of employment discrimination and sex harassment issues and be able to communicate with monolingual Spanish and English-speaking employees.  Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties.  For the term of the Decree, the Monitor's responsibilities shall include:

1.     Reviewing and/or revising Defendants' policies and procedures, including its complaint procedures relating to harassment, discrimination and retaliation to ensure that they fully comply with Title VII and all requirements set forth in this Decree;

2.     Ensuring that all employees, including management, supervisory, and human resources employees, are trained regarding their rights and responsibilities under Title VII and

this Decree, including the responsibility to provide a workplace free of discrimination, harassment and retaliation;

3. Ensuring that all employees, including management, supervisory, and human resources employees, are trained on Defendants' revised policies and procedures relating to discrimination, harassment and retaliation;

4. Ensuring that all human resources employees have the skill level to effectuate the requirements of Title VII and of this Decree;

5. Overseeing and reviewing, or conducting investigations of all complaints of discrimination, harassment or retaliation to ensure compliance with Title VII and this Decree;

6. Ensuring that Defendants properly communicate with complainants as required by this Decree;

7. Ensuring that Defendants create a centralized system of tracking discrimination, harassment and retaliation complaints, as required by this Decree;

8. Ensuring that Defendants' performance and discipline policies hold employees and managers, including human resource personnel, accountable for failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

9. Conducting a review of prior complaints of sexual harassment and/or retaliation made in the previous 300 days to provide guidance to Defendants on the handling of these prior complaints and determine whether there has been any potential improvements in Defendants' response to these complaints.

10. Conducting audits, as set forth below, to ensure that Defendants' employees, managers, supervisors, foremen, and leads are held accountable and to reinforce Defendants' zero tolerance policy with respect to harassment and retaliation;

11. Conducting additional audits, and/or exit interviews and/or surveys, of personnel and authority to follow up if discrimination, harassment, and/or retaliation identified.

12. Preparing a semi-annual report on Defendants' compliance with Title VII and this

Decree;

13.    Ensuring that Defendants accurately compile and timely submit all reports by required this Decree; and

14.    Monitoring Potential and/or Eligible Claimants, , and/or witnesses who participated in this lawsuit and who continue to be employed by Defendants to ensure that they have not been subjected to any retaliation or harassment.  The Monitor shall contact these individuals at least every three (3) months;

15.    Ensuring that Defendants' Human Resources has an open door policy, and is easily accessible to the employees.

16.    Further ensuring Defendants' full compliance with the spirit and the letter of the terms of this Decree.

D.    EEO Compliance Audits

1. Within one hundred fifty days (150) of the Effective Date, the Monitor shall conduct an initial compliance audit of Defendants' operations. The initial compliance audit shall occur after the final policies and complaint procedures are distributed to all employees and after the initial training to ensure that the policies and procedures have been received by the employees and to ensure compliance with the anti-harassment and anti-retaliation policies and procedures. The initial compliance audit will consist of a written questionnaire provided to as many of Defendants' employees as the Monitor deems warranted. The initial compliance audit shall instruct the employees to return their responses directly to the Monitor in a pre-addressed, stamped envelope to be provided with the audit. At minimum, the initial compliance audit shall seek the following information to ensure compliance with Title VII and this Decree:

a. Name;

b. Mailing address;

c. Telephone number;

d. Email address;

e. Identification of the location at which the employee works;

f. Gender;

g. Whether the employee was provided a copy of Defendants's revised policies;

h. Whether, while they have worked for Defendants, the employee has complained, expressed concern, or provided feedback about discrimination, sexual harassment, or retaliation, and if so, the date(s), location(s), content of their complaint, and name(s) of the managerial employee, non-managerial employee, or human resources professional with whom they communicated;

i. Whether the employee has experienced, witnessed, and/or become aware of sexual harassment, discrimination, and/or retaliation during their employment with Defendants, including harassment by employees of Defendants and third-parties present at their worksites.

j. Whether the employee reported the alleged sexual harassment, discrimination, and/or retaliation, and if so, the person(s) to whom they made the report and the date(s) of the report(s).

k. If they did not complaint about suspected discrimination, sexual harassment or retaliation, an explanation why they did not do so;

l. A description of any action(s) taken by Defendants in response to their report(s), including any action(s) to correct the suspected inappropriate conduct and/or any retaliatory actions taken against them; and

m. Whether they have received any training on sexual harassment, discrimination, and retaliation under Title VII and if so, a description and dates of the training.

2. Within one year after the initial compliance audit, the Monitor shall conduct annual visits at Defendants' worksites to evaluate whether Defendants, its managerial employees, including foremen, and its human resources personnel have fulfilled their responsibilities under Title VII, this Decree, and Defendants' policies and have encouraged employees to report problems of harassment, discrimination or related retaliation.  The Monitor shall provide at least three (3) business days' notice before these visits.

3. Defendants shall grant the Monitor access to all information needed to perform the audits, including documentation of complaints and access to employees to conduct interviews as set forth in Section X.D.4(c) below. The Monitor shall report to the EEOC on the progress of the audits and the Monitor's conclusions about the extent of Defendant's compliance with revised policies, Title VII, and the terms of this decree as set forth below in Section VII.

4. Scope of Compliance Audits

a. In the initial compliance audit, the Monitor shall review documentation of all complaints of sexual harassment, discrimination, and retaliation for the period beginning 300 days prior to the Effective Date. The Monitor shall also review responses to the written questionnaire distributed in connection with the initial compliance audit and prepare a report that includes the following information:

i. The name(s) and job title(s) of any complainant(s);

ii. The name(s) and job title(s) of any person(s) alleged to have engaged in unlawful discrimination, harassment, or retaliation.

iii. A summary of the allegations

iv. The date(s) and location(s) of the alleged unlawful discrimination, harassment, or retaliation.

v. The contact information for each witness to the allegations;

vi. A summary of any investigation of the allegations, including the name, job title, and location of any person(s) conducting the investigation;

vii. A summary of how the complaint was resolved;

viii. As well as Defendants' compliance relating to vacancies and reinstatement

b. In the annual compliance audits described in section X.D.2., the Monitor shall review Defendants's documentation of all complaints of discrimination, harassment, and retaliation, over the period since the preceding compliance audit and document all of the information included in Section X.D.4(a) above;

c. In the annual compliance audits, the Monitor shall also speak with employees and evaluate compliance with anti-harassment and retaliation policies and procedures. To seek employee input, the annual audits will be conducted in private, outside the presence of managerial employees, human resources professionals, and non-managerial employees. The Monitor shall document the locations visited, the dates of those visits, what the Monitor observed, which employees the Monitor interviewed, a summary of the interview(s), and what action(s) were taken because of the visits.

d. To the extent any EEO audit identifies discrimination, harassment, or retaliation which occurred since 300 days prior to the Effective Date, the Monitor shall investigate or oversee and review an investigation of the allegations, prepare written findings detailing the investigation, and recommend an appropriate response to Defendants.

e. To the extent any EEO audit identifies any particular area or location where there are multiple allegations of sexual harassment and/or retaliation, the Monitor shall recommend appropriate remedial measures to Defendants.

5. The results of the audits shall be evaluated by the Monitor and a summary of the results shall be submitted to the EEOC as part of the report as set forth below.

E.      Policies Concerning Discrimination, Harassment and Retaliation

1.      Within sixty (60) days after the Effective Date, in coordination with the Monitor, Defendants shall draft or review and then revise its policies and procedures on discrimination, harassment and retaliation ("Final Policy") as described below.

2.      The Final Policy shall be in Spanish and English and shall include:

(a)      a clear explanation of prohibited conduct in violation of Title VII, including on the basis of sex, including examples;

(b)      a complete copy of the final internal complaint procedure decribed below in sub-section F.

3.      The Final Policy shall also include assurances that Defendants shall:

(a)      hold all employees, including management, supervisory, lead and human

17

resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

(b) hold all management, supervisory, lead and human resources employees accountable for failing to take appropriate action to address discrimination, harassment, or retaliation and must clearly state that management's failure to adhere to the reporting steps will be subject to discipline.  In addition, the Final Policy shall clarify what steps management must take if they witness and/or become aware of complaints of discrimination, harassment, or retaliation; and

(c) state that Defendants have a zero-tolerance policy with respect to discrimination, harassment, and retaliation.

F. <u>Complaint Procedure</u>

1. Within sixty (60) days after the Effective Date, in coordination with the Monitor, Defendants shall draft; or review and revise its complaint procedure as described below.

2. The internal complaint procedure shall clearly state that:

(a) an employee who believes that she has suffered discrimination, harassment or retaliation may file an internal complaint using Defendants' internal complaint procedure, or may file an external complaint to any appropriate person or agency, or both;

(b) employees may initiate an internal complaint verbally or in writing to any appropriate person, and no special form is required;

(c) Defendants shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint or for otherwise assisting in a complaint;

(d) the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law.  The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

(e) if an allegation of discrimination or retaliation against any employee is

18

substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

3.     The internal complaint procedure shall lay out Defendants' responsibilities, including that Defendants will:

(a)     maintain the confidentiality of the complaint, complainant and investigation to the fullest extent possible;

(b)     take every reasonable step to promptly resolve complaints;

(c)     promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations;

(d)     interview all relevant witnesses, including the complainant, and review all relevant documents;

(e)     provide opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

(f)     communicate with the complainant (preferably in writing) regarding the status of the complaint, investigation, results of the investigation and any remedial action taken; and

(g)     track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken;

4.     The internal complaint procedure shall also provide an appeal procedure to an appropriate representative of Defendants and the Monitor, should the complainant be dissatisfied with the results of an internal investigation. The Monitor will review the internal investigation and/or may reopen the investigation.

5.     The internal complaint procedure shall NOT require that the complainant: (a) confront his or her harasser; (b) file an internal complaint instead of an external complaint; or (c) initiate the complaint process only by submitting a written complaint.

6.     Defendants shall confidentially follow-up with every complainant three months, six months, and twelve months after final resolution of the complaint to inquire whether the

complainant believes that she has been further harassed and/or retaliated against, and, if necessary, Defendants shall investigate any allegations of retaliation.

7.    Defendants shall establish a toll-free complaint hotline ("Hotline") and disseminate the information regarding the hotline to all of Defendants' employees in Spanish and English.  Defendants shall inform all employees that a complaint can be lodged at any time with the Hotline. All calls to the Hotline shall be tracked by Defendants during the term of the Decree, and the Monitor shall have access to all tracking records or call logs.  Defendants shall also publicize the EEOC's general toll-free number of (800) 669-4000.

8.    Defendants' Human Resources shall have an open door policy, and shall be easily accessible to the employees.  Human Resources represenatives shall be available to receive complaints from the employees during normal business working hours with or without appointments.

9.    The Monitor shall track all complaints filed under the revised internal complaint procedures and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the Hotline.  The Monitor shall also ensure that Defendants publicize the revised internal complaint procedures, including the Hotline, and shall monitor Defendants' investigation and resolution of any complaints made.

G.    Finalizing and Distribution of Final Policy and Complaint Procedure

1.    Within sixty (60) days after the Effective Date, Defendants shall provide the Commission with a copy of the above described Final policy, including the revised internal complaint procedure decribed above in sub-section F.

2.    Upon receipt, the EEOC shall have thirty (30) days to review and/or comment on the revised Policy.

3.    If the EEOC does not provide comment within thirty (30) days of receiving the revised policy, Defendants shall on an annual basis distribute the Final policy, including the revised internal complaint procedure decribed above in sub-section F, to all employees company-wide, including management, supervisory, lead and human resources employees.

Defendants shall have each employee who receives a copy of the Final policy sign a form acknowledging reciept or acknowledge receipt via email, provided that a copy of the acknolwedgment receipt is kept.  If the EEOC comments on the revised policy within thirty (30) days, Defendants shall work with the EEOC to satisfactorily address the EEOC's comments and concerns.

4.    Throughout the term of this Decree, Defendants shall post the Final policy, including the revised internal complaint procedures decribed above in sub-section F, in a clearly visible location frequented by employees within ten (10) days of X.G.3.

H.    Training

1.    All non-exempt employees that are not managers, supervisor, foremen, leads or human resource employees, shall be required to attend a live or interactive training program, where participants can ask questions and talk to the trainer, of at least one hour regarding discrimination, harassment, and retaliation company wide.  The training under this section shall include review of federal employment discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendants' final policy and procedures for reporting and handling complaints of harassment, discrimination, and retaliation.  Examples shall be given of the prohibited conduct to ensure understanding by the employees.  The training shall incorporate ways to prevent harassment, including sexual harassment, bystander intervention, and have respect for diversity in the workplace.  All trainings shall be designed to effectively teach adult learners and be conducted in Spanish and English.

2.    The training stated in subsection H.1. shall be mandatory and shall occur once every year for the term of this Decree for non-management employees.  The first training shall occur within one-hundred and twenty (120)  from the Effective Date.  Any employee who fails to attend any scheduled training shall be trained within thirty (30) days of the interactive training set forth above or thirty (30) days of their start date if they begin their employment after the training has occurred for that year.

3.    Every managerial, supervisory, and lead employee shall be required to attend

interactive Management Training of at least one and a half hour duration ever year for the term of this Decree.  The first Management Training shall occur within one-hundred and twenty (120) days from the Effective Date.  Any employee who fails to attend any scheduled training shall be trained within (30) days of interactive training set forth above or thirty (30) days of their promotion/hire date if they begin their employment as a supervisor after the training has occurred for that year.

4.    All Management Training shall be conducted by the Monitor or reviewed by the Monitor to ensure it is interactive and shall include training on how to handle any complaints complaints of discrimination, harassment and retaliation or observations of such conduct; how to take preventive and corrective measures against discrimination, harassment, and retaliation; how to recognize and stop discrimination, harassment, and retaliation; and and emphasize accountability of management.

5.    All Human Resouces employees shall receive advanced Human Resources training  ("HR Training") conducted by the Monitor on investigating complaints of discrimination, harassment, and retaliation; how to take preventative and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop harassment, discrimination, and retaliation; and shall focus on effective responses and/or investigations and include role playing on how to handle scenarios and emphasize accountability of management and human resource personnel.  This HR training shall occur once every year for the term of this Decree for a duration of at least one and a half hours.

6.    Within thirty (30) days of the date of hire, for the remainder of the term of this Decree, every new employee, including non-manageral, managerial, supervisory, foremen, lead, and human resources employees, shall receive the appropriate training described above, which may be via a recorded version of a previously presented training session as long as the new employee has the opportunity to ask any questions he or she may have regarding the training and the policies regarding discrimination, harassment and retalitiation are reviewed with the new employee.

7.     Within thirty (30) days of the date of promotion, for the remainder of the term of this Decree, every employee promoted from a staff position to a managerial, supervisory lead or human resources position shall receive the above described Management or HR Training, which may be via a recorded version of a previously presented training session as long as the newly promoted employee has the opportunity to ask any questions he or she may have regarding the training.

8.     Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

9.     Defendants agree to submit any training materials used, including curriculum and outlines and handouts or presentations, to the Monitor for review.

10.    Defendants shall give the EEOC a minimum of twenty (20) business days advance written notice of the date, time and location of each training provided pursuant to this Decree.  An EEOC representative may attend any such training, at the sole discretion of the EEOC.

I.     Performance Reviews for EEO Compliance

1.     With respect to any performance review process during the Term, Defendants shall revise its annual performance review forms for managers, supervisors, foremen, leads, and human resource personnel to include a measure for performance on compliance with Defendants' discrimination, harassment and retaliation policy and procedures.  Defendants shall reiterate its company's policies in its performance review and implement a component that measures whether any supervisor or manager who has knowledge of such behavior and takes no action to end it or report it will be subject to corrective action.

2.     At least thirty (30) days prior to implementing the performance review forms described above, Defendants shall provide the EEOC with the proposed revisions in order to provide an opportunity for comment regarding the revisions.

3.     Defendants shall report to the EEOC in the annual report as set forth below if it held managers accountable for not reporting complaints of discrimination, harassment, and/or

retaliaion.

## XI.   RECORD-KEEPING

Defendants shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment and retaliation complaints, the monitoring of such complaints to prevent retaliation company wide, and all records relating to compliance with the Consent Decree.  The records to be maintained shall include:

A.   all documents generated in connection with any complaint, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendants' investigation;

B.   all forms acknowledging employees' receipt of Defendants' revised anti-discrimination, anti-harassment and anti-retaliation policy; and

C.   all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

D.   all documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendants determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory;

E.   all documents generated in connection with Defendants' confidential follow-up inquiries into whether any complainant believes she has been retaliated against; and

F.   all documents generated in connection with the establishment or review of performance evaluation measures for leads, supervisors and managers; and if it held managers accountable for not reporting complaints of sexual harassment and/or retaliaion;

G.   all documents relating to all vacancies, as well as efforts to fill them with reinstatement candidates, and

H.   all documents relating to compliance audits;

I.   all revised policies and complaint procedures;

J.   all documents relating to Defendants' compliance with the Consent Decree and victim specific relief.

Defendants shall also make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

## XII.   REPORTING

Defendants shall provide the following reports in writing by mail or e-mail:

A.      Within sixty (60) days after the Effective Date, Defendants shall submit to EEOC an initial report containing:

1.      revised policies and procedures on discrimination, harassment and retaliation under X.E, and revised complaint procedures under X.F., for the EEOC's review and revisions described in X.G; and

2.      a description of the trainings to be provided.

B.      Within ninety (90) days after the Effective Date, Defendants shall submit to EEOC a report containing:

1.      a copy of the Final anti-discrimination, anti-harassment and anti-retaliation policy, including the final complaint procedures;

2.      a summary of the procedures and record-keeping methods developed with the Monitor for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

3.      a copy of all prior sexual harassment and retaliation complaints made in the previous 300 days from the Effective Date, investigated or resolved, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendants' employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation;

4.      a statement confirming that the review of the prior complaints of sexual harassment and/or retaliation as identified in *supra* section X(C)(9) has been completed and a summary of any changes to Defendants' policy and/or procedures to address issues, if any that

were identified through the review;

5.   a statement confirming that the required notices pertaining to this Decree and the Final revised anti-discrimination, anti-harassment and anti-retaliation Policy have been posted;

6.   a statement confirming that Defendants have complied with Section IX. "Claimant Specific Injunctive Relief."; and

7.   a statement confirming whether it held managers accountable for not reporting complaints of sexual harassment and/or retaliaion.

C.   Within one hundred fifty days (150) of the Effective Date, the Monitor shall submit its report reflecting its initial compliance audit of Defendants' operations under X.D.

D.   Defendants shall also provide the following reports semi-annually, starting six months from the Effective Date, throughout the term of this Decree to the Monitor:

1.   complete employee list during the last six months, including start date and job title during this time;

2.   complete attendance lists for all training sessions required under this Decree that took place during the previous six months, as well as training materials used;

3.   a description of all discrimination, harassment and retaliation complaints made, investigated or resolved in the previous six-months, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendants' employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation;

4.   a report detailing any planned changes to the Final Policy, procedures or record-keeping methods for complaints, at least thirty (30) days prior to implementing such changes; and

5.      Verification that the Notice of Consent Decree and Policy continue to be posted in conspicuous places accessible to all employees;

E.      Additionally, the Monitor shall also provide the EEOC with an annual Report, starting one year from the Effective Date:

1.      Describing in detail the status of Defendants' compliance with all the terms of the Decree;

2.      Whether any portion of Defendant's policies and procedures regarding discrimination, harassment, and retaliation have been revised since the previous report, including a copy of the revised policies or procedures;

3.      A summary of the results of the EEO Compliance Audits performed pursuant to this Decree that specifically outlines the locations visited, what was observed, who was interviewed, and what action was taken;

4.      An analysis of actions taken by the Monitor and/or Defendants when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution; and

5.      A summary of the Monitor's recommendations made to improve Defendants' response to complaints and changes to Defendants' mechanisms to prevent and correct such complaints of discrimination, harassment, and/or retaliation.

## XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV. COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## XV. MISCELLANEOUS PROVISIONS

A.      During the term of this Decree, Defendants shall provide any potential successor-

in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Decree, Defendants and their successors shall ensure that each of its directors, officers, human resource personnel, managers, supervisors and leads is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.      The parties agree to entry of this Decree and judgment subject to final approval by the Court.

## XVI. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: October 11, 2022          By:  _____
                                      Anna Y. Park, Regional Attorney
                                      Attorney for Plaintiff EEOC

Dated: October 5, 2022           By:  _____
                                      Wendy Krincek
                                      Attorney for Defendants FOCUS
                                      PLUMBING, LLC, FOCUS ELECTRIC, LLC,
                                      FOCUS CONCRETE, LLC, FOCUS FIRE
                                      PROTECTION, LLC, and FOCUS
                                      FRAMING, DOOR, & TRIM, LLC

Dated: OCTOBER 5, 2022           By:  _____
                                      FOCUS PLUMBING, LLC, FOCUS
                                      ELECTRIC, LLC, FOCUS
                                      CONCRETE, LLC, FOCUS FIRE
                                      PROTECTION, LLC, and FOCUS
                                      FRAMING, DOOR, & TRIM, LLC

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree until the its termination, as determined by this Court.

**IT IS SO ORDERED.**

Dated this  12  day of October, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

[PROPOSED] CONSENT DECREE

**Exhibit A**

In consideration for at least $ _____ paid to me in connection with the resolution of EEOC v. FOCUS PLUMBING, LLC, et al., Civ. Action No. 2:21-cv-01758-GMN-EJY, I waive my right to recover for any claims of sex discrimination, including sexual harassment, and/or retaliation for engaging in protected activity related to sex discrimination under Title VII of the Civil Rights Act of 1964 that I had against FOCUS PLUMBING, LLC, prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. FOCUS PLUMBING, LLC, et al., Civ. Action No. 2:21-cv-01758-GMN-EJY.

Date: _____

Signature:_____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Los Angeles District Office

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
(213) 894-1000
TTY   (213) 894-1121
FAX  (213) 894-1118

## NOTICE OF SETTLEMENT AND CONSENT DECREE

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit alleging discrimination on the basis of sex by Defendants Focus Plumbing, LLC, Focus Electric, LLC, Focus Concrete, LLC, Focus Fire Protection, LLC, And Focus Framing, Door, & Trim, LLC ("Focus") in the United States District Court for the District of Nevada, Case No.: 2:21-cv-01758-GMN-EJY.  The Complaint includes allegations of sexual harassment and retaliation.  Focus denies these allegations.  The EEOC and Focus settled by entering into a "Consent Decree."

Pursuant to the Consent Decree, Focus is providing notice that it will not tolerate sexual harassment or retaliation.  Focus is also providing notice to its workers that they have a right to make a complaint of discrimination in the workplace **without fear of retaliation**.  Management and employees will be provided training regarding employee's rights and to prevent unlawful discrimination in the workplace.

Federal law requires that there be no discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Focus is committed to its anti-discrimination obligations.  Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participates in any investigation will be protected from retaliation.

If you believe that you have been discriminated against because of your sex, disability, national origin, age, race, color, or religion, you may seek assistance from the office below.

## AVISO DEL ACUERDO Y DECRETO DE CONSENTIMIENTO

La Comisión de Igualdad de Oportunidades en el Empleo de los Estados Unidos ("EEOC") presentó una demanda alegando discriminación por razón de sexo contra Demandados Focus Plumbing, LLC, Focus Electric, LLC, Focus Concrete, LLC, Focus Fire Protection, LLC, And Focus Framing, Door, & Trim, LLC ("Focus") en el Tribunal de Distrito Federal de los Estados Unidos para el Distrito Este de California, Caso Número 2:21-cv-01758-GMN-EJY.  La demanda incluye alegaciones de acoso sexual y represalias.  Focus niega estas acusaciones.  La EEOC y Focus han resuelto este caso por medio de un "Decreto de Consentimiento."

De conformidad con el Decreto de Consentimiento, Focus está notificando que no tolerará acoso sexual o represalias.  Focus también está notificando a sus trabajadores que tienen derecho a presentar una queja de discriminación en el lugar de trabajo **sin temor a represalias**.  Mayordomos/Supervisores y los empleados recibirán entrenamiento sobre los derechos de los empleados para prevenir la discriminación ilegal en el lugar de trabajo.

La ley federal requiere que no haya discriminación contra cualquier empleado o solicitante de empleo debido a la edad, discapacidad, raza, sexo, color, religión u origen nacional de una persona, con respecto a la contratación, compensación, promociones, términos y condiciones o privilegios de empleo.  Focus está comprometido con sus obligaciones contra la discriminación. Cualquier empleado que presente una queja o cargo formal de discriminación, dé testimonio o asistencia, o participe en cualquier investigación estará protegido de represalias.

Si usted cree que has sido discriminado debido a su sexo, discapacidad, origen nacional, edad, raza, color o religión, puede buscar ayuda de:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
333 Las Vegas Blvd South, Suite 5560
Las Vegas, NV 89101
Telephone: (702) 553 4470
Website: http://www.eeoc.gov

Exhibit B